Filed in open Court on 4/25/06

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 05-87-JJF |
| PAUL G. LITTLE, | : | |
| Defendant. | : | |

### MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Adam Safwat, Assistant United States Attorney, and Christopher S. Koyste, Esquire, attorney for the Defendant, PAUL G. LITTLE, the following memorandum of plea agreement (hereinafter the "agreement" or "Memorandum") is hereby entered into by the respective parties:

1. The Defendant agrees to waive indictment and to plead guilty to Count One of an Information, which charges the Defendant with knowingly attempting to manufacture mixtures and substances containing lysergic acid diethylamide, commonly known as "LSD," in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C) and 846.

2. The essential elements of the offense charged in Count One of the Information, each of which the Government would have to prove beyond a reasonable doubt at trial, are: (i) the Defendant had the intent to manufacture mixtures and substances that contained LSD; and (ii) the Defendant took a substantial step toward accomplishing the manufacture of LSD.

3. The maximum penalties for Count One of the Information are twenty years imprisonment, a $1,000,000 fine, or both, at least three years of supervised release following any

term of imprisonment and a maximum term of supervised release for life, and a $100 special assessment.

4. The United States agrees to dismiss the Indictment in this case.

5. The Defendant knowingly, voluntarily and intelligently admits that from on or about June 2005, through September 16, 2005, in the State and District of Delaware, he attempted to manufacture LSD by combining chemicals pursuant to certain publicly available formula from textbooks and the internet.

6. The parties stipulate that the Defendant would not have succeeded in manufacturing LSD because he did not possess the correct precursor substances and his attempts to manufacture those substances over several months failed.

7. The Defendant understands that at sentencing, the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to Title 18, United States Code, Section 3553(a). The Defendant recognizes that the final determination of the Defendant's sentence will be made by the Court. The Defendant further understands that the Court is not bound by any stipulations or recommendations of the parties. The Defendant agrees that he will not be allowed to withdraw his guilty plea because the Court calculates the guidelines differently than he expects, or imposes a sentence greater than what he expects, or imposes a sentence contrary to any stipulation of the parties or recommendation of his attorney.

8. Based on information known by the Government to date, at the time of sentencing the Government agrees to a three (3) level reduction in the offense level for the Defendant's

affirmative acceptance of responsibility under U.S. Sentencing Guideline Section 3E1.1, provided the Defendant's offense level is at least 16. If the Defendant's offense level is less than 16, the Government agrees to a two (2) level reduction in the offense level.

9. The Defendant agrees to pay the special assessment of $100 at or before the time of sentencing.

10. If the Court orders the payment of any fine as part of the Defendant's sentence, the Defendant agrees voluntarily to enter the United States Bureau of Prisons administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the Defendant's prison salary and apply it on the Defendant's behalf to the payment of the outstanding debt ordered.

11. The parties reserve the right to defend the Pre-Sentence Officer's findings at the sentencing hearing and to defend the Sentencing Court's rulings at any subsequent proceedings, including any appeal. The parties realize that the Court is not bound by any stipulations reached by the parties. Thus, if the Court decides not to follow any stipulation or recommendation in this Memorandum of Plea Agreement, or if the Defendant does not receive the benefits he expects from any such stipulation or recommendation, the Defendant may not withdraw his guilty plea.

12. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in a written agreement executed by all the undersigned

///

parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

COLM F. CONNOLLY
United States Attorney

_____
Christopher S. Koyste, Esq.
Attorney for Defendant

BY: _____
Adam Safwat
Assistant United States Attorney

_____
Paul G. Little
Defendant

Dated: April 5, 2006

\* \* \*

AND NOW this 25 day of April, 2006, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by the Court.

_____
THE HONORABLE JOSEPH J. FARNAN, JR.
UNITED STATES DISTRICT JUDGE
DISTRICT OF DELAWARE

4